UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VERNARDO BIVIANO
JIMINEZ-HURTADO,**

     **Petitioner,**

**v.**                             **Case No.: 8:20-cv-2874-CEH-UAM**
                                      **Case No.: 8:18-cr-90-CEH-UAM**

**UNITED STATES OF AMERICA,**

     **Respondent.**

_____/

## ORDER

     Vernardo Biviano Jiminez-Hurtado moves under 28 U.S.C. § 2255 to vacate his conviction for conspiracy to distribute and possess with intent to distribute cocaine while aboard a vessel subject to the jurisdiction of the United States.  (Civ. Docs. 1–2)  A prior order directed the United States to file a limited response to the Section 2255 motion to address whether it was timely filed under 28 U.S.C. § 2255(f).  (Civ. Doc. 3)  Although Jiminez was afforded an opportunity to reply to the United States' response, he did not do so.  Upon consideration, Jiminez's Section 2255 motion is untimely, and this action must be dismissed.

## I.    Background

     Under a plea agreement Jiminez pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C.

§§ 70503(a) and 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii).  (Crim. Doc. 39)
On August 9, 2018, the district court adjudicated Jiminez guilty and sentenced him to
a term of imprisonment of 108 months.  (Crim. Doc. 84)  Jiminez filed no appeal.

On November 25, 2020, Jiminez initiated this action by filing a motion under
28 U.S.C. § 2255 to vacate his conviction and sentence.  (Civ. Docs. 1–2)  Jiminez
claims his counsel was ineffective for not challenging the district court's jurisdiction,
not obtaining a more favorable plea agreement, and not objecting to violations of *Brady
v. Maryland*, 373 U.S. 83 (1963), that occurred during his arrest and prosecution.  (Civ.
Doc. 2 at 5–9)  Jiminez claims entitlement under 28 U.S.C. § 2255(f) to equitable
tolling of the statute of limitations for filing his Section 2255 motion.  (*Id*. at 3–4)

## II.    Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-
year statute of limitations for filing a Section 2255 motion to vacate or correct sentence.
28 U.S.C. § 2255(f).  The limitations period begins to run from the latest of four events,
only one of which is relevant here: "the date on which the judgment of conviction
becomes final."  *Id*.  If a defendant does not appeal, his conviction becomes final upon
the expiration of the period for filing a timely notice of appeal, or 14 days after the
entry of judgment.  Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086,
1089 n.1 (11th Cir. 2000).

A judgment was entered against Jiminez on August 9, 2018.  (Crim. Doc. 84)
The judgment became final 14 days later, on August 23, 2018.  Jiminez had until
August 23, 2019, to file his Section 2255 motion.  Jiminez did not file his Section 2255

motion until November 25, 2020, one year and three months after the August 23, 2019, deadline.

Jiminez argues he is entitled to equitable tolling of the statute of limitations. (Civ. Doc. 2 at 3–4)  To toll the limitation period, the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted).  "[E]quitable tolling is an extraordinary remedy which is typically applied sparingly." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004) (quotations omitted).  "The focus of the inquiry regarding extraordinary circumstances is on the circumstances surrounding the late filing of the habeas petition . . . and whether the conduct of others prevented the petitioner from timely filing." *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (quotations omitted).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Dodd*, 365 F.3d at 1282 (quotations omitted).  "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Jiminez argues he is entitled to equitable tolling of the statute of limitations because (1) his attorney abandoned him, (2) he lacks both proficiency in English and Spanish and a formal education, (3) the district court delayed in providing him copies of court documents, and (4) COVID-19 pandemic restrictions interfered with his ability to obtain necessary legal resources.  (Civ. Doc. 2 at 3–4)

### A.    Attorney Abandonment

Jiminez claims that his attorney "simply dropped the ball" and abandoned him. (Civ. Doc. 2 at 3)  Jiminez believed that his case "was subject to further proceedings," and he "wait[ed] for the proverbial phone call to receive good news" from his attorney. (*Id*.)  However, his attorney has not contacted him since his sentencing.  (*Id*. at 4)  He vaguely claims that he made "every effort to inquire into the status of his case without success, approaching anyone who would listen to seek assistance with his case." (*Id*. at 4)

Jiminez fails to show that he exercised reasonable diligence in pursuing his rights because he describes no action that he took to preserve his rights in the relevant period between the finality of his criminal judgment and the deadline to file his Section 2255 motion.  In fact, he does not claim that he attempted to contact his attorney; rather, he admits he was waiting for his attorney to contact him.  *See Vahlkamp v. Sec'y, DOC*, No. 21-14052, 2022 WL 17752230, at *2 (11th Cir. Dec. 19, 2022) ("Although [counsel] should have been more responsive, [the defendant] bore the burden to prove that he, not his counsel, independently exercised reasonable diligence.").  He vaguely claims that he made "every effort" and "approach[ed] anyone" for help.  But he neither describes his efforts nor identifies who he contacted with any detail.  Such conclusory allegations are insufficient to demonstrate he diligently pursued his rights.  *See San Martin*, 633 F. 3d at 1269.

Furthermore, Jiminez's misunderstanding that his criminal case "was subject to further proceedings" is not an extraordinary circumstance warranting equitable

tolling.   "[The Eleventh Circuit] has not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 1013) (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness")); *see also Jones v. United States*, 304 F.3d 1035, 1044 (11th Cir. 2022) ("[I]gnorance of the law is [an] insufficient rationale for equitable tolling[.]"); *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015) ("[W]e have not accepted a lack of legal education as an excuse for a failure to file in a timely fashion."). Significantly, "pro se litigants, like all others, are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007). Consequently, he fails to meet his burden to show that his attorney's alleged abandonment justifies equitable tolling of the statute of limitations.

## B.    Lack of Language Proficiency and Formal Education

Jiminez claims that he does not speak or read English, "barely reads Spanish[,]" and received only three years of education. (Civ. Doc. 2 at 3) Jiminez vaguely asserts that, despite his language barrier and lack of education, he "has tried to understand the true circumstances of his case." (*Id.*)

Neither Jiminez's lack of proficiency in English and Spanish nor his lack of a formal education constitute extraordinary circumstances that toll the limitation period. "An extraordinary circumstance exists only if the delay is 'unavoidable even with diligence.'" *Cerrito v.  Cerrito v. Sec'y, Dep't of Corr.*, 693 F. App'x 790, 792 (11th Cir.

2017) (quoting *Steed v. Head*, 219 F. 3d 1298, 1300 (11th Cir. 2000)) (ruling that the inability to understand English, the inability to read beyond a second-grade level, and the inaccessibility of a bilingual inmate law clerk were not exceptional circumstances under which an untimely filing was unavoidable even with diligence); *Aureoles v. Sec'y, Dep't of Corr.*, 609 F. App'x 623, 624 (11th Cir. 2015) ("[Defendant's] allegations of an inability to understand English and a lack of formal education did not establish extraordinary circumstances that warranted equitable tolling."); *Rivers*, 416 F.3d at 1323 (ruling that the defendant's lack of education did not warrant equitable tolling when he "fail[ed] to set out just what efforts he made to obtain the necessary records or to explain what amount of time lapse is fairly attributable to the state clerk's delay"); *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (finding that "difficulties with the English language" did not constitute an extraordinary circumstance to justify equitable tolling and citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that the "inability to read and speak English is not in itself a sufficient basis for equitabl[e] tolling")).  And, pro se litigants are presumed to know of the one-year statute of limitations even when they lack English-language proficiency.  *See Perez*, 519 F. App'x at 997; *DeLeon v. Fla. Dep't of Corr.*, 470 F. App'x 732, 734 (11th Cir. 2012) ("An inability to understand English does not constitute extraordinary circumstances justifying equitable tolling.").

Jiminez's vague assertion that he "tried to understand the true circumstances of his case" is insufficient to demonstrate due diligence.  "'To show diligence, a petitioner must provide details of the specific actions taken toward filing the petition,' such as

'when he found out about the library's alleged deficiency, any independent efforts he made to determine when the relevant limitations period began to run, and how the prison thwarted his efforts.'" *Cerrito*, 693 F. App'x at 792–93 (quoting *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006)) (alterations omitted) ("Cerrito did not allege when he discovered that the prison library did not have documents in Spanish, what measures he took to procure the material and assistance that he needed, or how the prison slowed his progress."). Jiminez neglects to describe any efforts he made to overcome his language barrier or lack of education, such as requesting legal materials that he was capable of reading or obtaining assistance from a bilingual inmate. His vague claim that he "tried to understand the true circumstances of his case" is insufficient to show he diligently pursued his rights. Consequently, Jiminez fails to meet his burden to show that his lack of language proficiency and a formal education justify equitable tolling of the statute of limitations.

## C. Access to Court Documents

Jiminez vaguely suggests that the district court's delay in ruling on his motions for copies of court documents forms a basis for equitable tolling. (Civ. Doc. 2 at 4) Jiminez claims that he "sought assistance from 'jail house lawyers' [to file] a motion in his criminal case to seek a copy of his docket sheet, Doc. 95." (*Id.*) When the district court did not immediately rule on his motion, Jiminez filed a second and third motion. (*Id.*) After filing the third motion, Jiminez finally received a copy of the docket sheet, "thereby providing some insight into his circumstances." (*Id.*)

The record shows that on May 25, 2020, Jiminez filed a motion requesting a copy of his docket sheet. (Crim. Doc. 95) On June 18, 2020, Jiminez filed a motion requesting copies of court documents, including the docket sheet, the plea agreement, the indictment, and the sentencing transcript. (Crim. Doc. 96) On July 30, 2020, he filed a second motion requesting a copy of the docket sheet. (Crim. Doc. 97) On August 20, 2020, the district court granted Jiminez's motion dated May 25, 2020, and directed the Clerk to mail him a copy of the docket sheet. (Crim. Doc. 98) Jiminez acknowledges that he received a copy of the docket sheet on August 24, 2020. (Civ. Doc. 2 at 4)

On November 3, 2020, the district court granted Jiminez's motion for documents dated June 18, 2020, solely to the extent that it again directed the Clerk to mail him a copy of the docket sheet. (Crim. Doc. 100) The district court denied without prejudice his request for the plea agreement, the indictment, and the sentencing transcript because the motion "was filed in advance of any Section 2255 motion that Jiminez-Hurtado may be contemplating." (*Id.*) The district court reasoned that "'[a] federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error.'" (*Id.* quoting *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970)).

The three-month delay between Jiminez's initial motion (on May 25, 2020) for a copy of the docket sheet and his receipt (on August 24, 2020) of a copy of the docket sheet cannot form the basis for equitable tolling. Jiminez did not move for a copy of the docket sheet until nine months *after* the deadline for filing a Section 2255 motion

expired.   Therefore, any delay in obtaining the docket sheet is not probative of Jiminez's diligence in adhering to the filing deadline.   *See Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1210 (11th Cir. 2014) (ruling that "matters from various state and federal court proceedings that [occurred] *after* the one-year limitations period expired . . . are not probative of [the defendant's] diligence during the relevant time period before the limitations period expired") (emphasis in original); *Vicario v. U.S. Attorney Gen.*, 407 F. App'x 357, 359 (11th Cir. 2010) (ruling that events that "occurred well after the filing deadline do not bear on [the] failure to [adhere to the filing deadline] and would not entitle him to equitable tolling").   Similarly, the five-month delay between Jiminez's motion (on June 18, 2020) for copies of the docket sheet, the plea agreement, the indictment, and the sentencing transcript and the district court's ruling (on November 3, 2020) on that motion cannot form the basis of equitable tolling because Jiminez filed the motion for documents ten months *after* the filing deadline expired.   Consequently, Jiminez fails to show that any delay in ruling on his motions for copies of court documents forms a basis for equitable tolling of the statute of limitations.

### D.    COVID-19 Restrictions

Jiminez vaguely claims that "[t]hroughout 2020[,] the prison . . . was locked down to prevent the spread of Covid 19 and hence further delayed and frustrated his efforts to follow through."  (Civ. Doc. 2 at 4)  Without any explanation or detail, he argues that "extraordinary circumstances" created by the pandemic curtailed his access to unidentified legal resources.  (*Id.* at 4–5)

9

Jiminez cannot show that prison restrictions related to the COVID-19 pandemic prevented him from timely filing his Section 2255 motion.  "[The Eleventh Circuit] has recognized that, under its precedent, lockdowns and periods in which a prisoner is separated from his legal papers are not extraordinary circumstances in which equitable tolling is appropriate."  *Powell v. United States*, No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022) (ruling that COVID-19 pandemic restrictions did not constitute extraordinary circumstances warranting equitable tolling) (quoting *Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004)).  Furthermore, the Bureau of Prisons did not begin to modify operations in response to the pandemic until February 2020, more than five months after the deadline for filing Jiminez's Section 2255 motion expired.  *See* BOP's COVID-19 Response, https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_response  (accessed September 26, 2023).

### III.    Conclusion

Jiminez shows neither that he pursued his rights diligently nor that extraordinary circumstances prevented him from timely filing his Section 2255 motion.  He fails to meet his burden of demonstrating that the extraordinary remedy of equitable tolling is warranted.  Therefore, his motion under Section 2255 (Civ. Doc. 1) is **DISMISSED as time-barred.**   The Clerk is directed to enter judgment against Jiminez and to close this case. The Clerk is further directed to enter a copy of this order in the criminal action and to terminate the motion at docket entry 101 in the criminal action.

## DENIAL OF A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Jiminez has no absolute right to appeal the dismissal of his Section 2255 motion. 28 U.S.C. § 2253(c)(1).  The district court must first issue a certificate of appealability ("COA").  *Id.*  A COA will issue only if the movant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Generally, the movant must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong.  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the [Section 2255] motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n.2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural).  Jiminez cannot make that showing. And, because he is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on October 17, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Pro Se Petitioner
Counsel of Record